IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

UNITED STATES OF AMERICA    )    CRIMINAL NO.: 4:14-CR-426-BHH-1
    )
v.    )
    )
MICHAEL MARK MCADAMS    )
    )

PRELIMINARY ORDER OF FORFEITURE AS TO
MICHAEL MARK MCADAMS

This matter is before the court on the motion of the United States for a Preliminary
Order of Forfeiture as to Defendant Michael Mark McAdams ("McAdams", "Defendant"),
based upon the following:

1.    On June 17, 2014, an Indictment was filed charging McAdams with the
following:

    <u>Counts 1-3</u>:  Wire fraud, in violation of 18 U.S.C. § 1343;

    <u>Count 4</u>:    Conspiracy to commit wire fraud, in violation of 18 U.S.C. §
    1349;

    <u>Count 5</u>:    Money laundering, in violation of 18 U.S.C. § 1956.

2.    Pursuant to Fed. R. Crim. P. 32.2(a), the Indictment contained a forfeiture
allegation providing that upon McAdams' conviction, certain properties enumerated
therein, or equivalent substitute assets, would be subject to forfeiture to the United
States.  As specified therein, such assets include, but are not limited to the following:

<u>Cash Proceeds/Money Judgment</u>[1]:

A sum of money equal to all proceeds the Defendants obtained directly or indirectly as the result of the offenses charged in this Indictment or traceable to such property, that is, a minimum of $3,500,000.00 in United States currency for which the Defendants are jointly and severally liable.

3.    On March 4, 2015, McAdams pled guilty to Count 4 of the Indictment, which charges conspiracy to commit wire fraud, in violation of 18 U.S.C. § 1349.

4.    Based upon Defendant's conviction, the court has determined that the property described above is subject to forfeiture, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

5.    The court has determined that the government has established the requisite nexus between the money judgment and the offense for which McAdams has been convicted; therefore, the United States is entitled to a preliminary order of forfeiture, subject to the provisions of 21 U.S.C. § 853 governing third party rights.

Accordingly, it is hereby **ORDERED,**

1.    The below-described property, and all right, title, and interest of the Defendant, Michael Mark McAdams, in and to such property, is hereby forfeited to the United States of America, for disposition in accordance with law, subject to the rights of third parties in such property under 21 U.S.C. § 853(n).

2.    FORFEITURE IS ORDERED against McAdams and in favor of the United States in the amount of $199,999.99, along with appropriate costs and interest thereon at the rate provided for in 28 U.S.C. § 1961.  The United States may at any time move

---

[1]    The Indictment lists a money judgment for a *minimum* of approximately $3,500,000.00. However, the government is only seeking a money judgment in the amount of $199,999.99 against this defendant.

pursuant to Rule 32.2(e) to amend this Order to substitute property to satisfy the money judgment.

3.      The United States may sell or otherwise dispose of any substitute assets in accordance with law as required to satisfy the above imposed money judgment.

4.      Upon the entry of this Order, the United States Attorney is authorized to conduct proper discovery in identifying, locating, or disposing of the described property, or other substitute assets, in accordance with Fed. R. Crim. P. 32.2(b)(3); and to commence proceedings that comply with statutes governing third party rights, if applicable.

5.      The government is not required to publish notice regarding the personal money judgment against Defendant; however, the Order shall be recorded in the records of the County Clerk's Office in the County of the debtor's residence, place of business, and any and all other counties in which the debtor has either real or personal property, as a lien thereon.

6.      Upon entry of the criminal judgment, this Order becomes final as to Defendant, and shall be made a part of the sentence and included in the criminal judgment.

7.      The court shall retain jurisdiction to enforce this Order and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

8.      The Clerk, United States District Court, shall provide one (1) certified copy of this Order to the United States Attorney's Office.

AND IT IS SO ORDERED.

/s/ Bruce Howe Hendricks
BRUCE HOWE HENDRICKS
UNITED STATES DISTRICT JUDGE

This 22nd day of April, 2015

Florence, South Carolina