AO 245C (SCDC Rev.09/11) Sheet 1 - Amended Judgment in a Criminal Case                    (NOTE: Identify Changes with Asterisks (*))

# United States District Court
## District of South Carolina

| | |
|---|---|
| UNITED STATES OF AMERICA | **AMENDED JUDGMENT IN A CRIMINAL CASE** |
| vs. | |
| MICHAEL MARK McADAMS | |
| | Case Number:   4:14cr426-BHH-1 |
| **Date of Original Judgment**:November 10, 2015 | USM Number:27352-171 |
| *(or Date of Last Amended Judgment)* | |

**Gregory Poole Harris**, CJA
Defendant's Attorney

**Reason for Amendment:**

☐ Correction of Sentence on Remand (18 U.S.C. 3742(f)(1) and (2))

☐ Reduction of Sentence for Changed Circumstances (Fed.R. Crim. P. 35(b))

☐ Correction of Sentence by Sentencing Court (Fed.R.Crim.P.35(a))

☐ Correction of Sentence for Clerical Mistake (Fed.R.Crim.P.36)

☐ Modification of Supervision Conditions (18 U.S.C. §3563(c) or 3583(e))

☐ Modification of Imposed Term of Imprisonment for Extraordinary and Compelling Reasons (18 U.S.C. §3582(c)(1))

☐ Modification of Imposed Term of Imprisonment for Retroactive Amendment(s) to the Sentencing Guidelines (18 U.S.C. §3582(c)(2))

☐ Direct Motion to District Court Pursuant to ☐ 28 U.S.C.§2255 or ☐ 18 U.S.C.§3559(c)(7)

☑ Modification of Restitution Order (18 U.S.C.§3664)

**THE DEFENDANT:**

☑ pleaded guilty to Count(s) 4 of the indictment on March 4, 2015.

☐ pleaded nolo contendere to Count(s) [Pled nolo cont. count(s)] on [Date pled nolo cont] which was accepted by the court.

☐ was found guilty on Count(s) [Found guilty count(s)] on [Date found guilty] after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| **Title & Section** | **Nature of Offense** | **Offense Ended** | **Count** |
|---|---|---|---|
| 18:1343 and 1349 | Please see indictment | 7/31/2009 | 4 |

The defendant is sentenced as provided in pages 2 through  7  of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) [Found not guilty count(s)].

☑ Count(s) 1, 3 - 5   is ☑ are  dismissed on the motion of the United States.

☐ Forfeiture provision is hereby dismissed on motion of the United States Attorney.

It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant must notify the court and United States attorney of any material changes in economic circumstances.

May 18, 2016
Date of Imposition of Judgment

s/ Bruce Howe Hendricks
Signature of Judge

Hon. Bruce Howe Hendricks, U.S. District Judge
Name and Title of Judge

May 23, 2016
Date

AO 245B (SCDC Rev. 09/11) Judgment in a Criminal Case
Sheet 2 - Probation

Page 2

DEFENDANT: MICHAEL MARK McADAMS
CASE NUMBER: 4:14cr426-BHH-1

## PROBATION

The Defendant is hereby sentenced to probation for a term of one (1) year.  While on probation, the defendant shall comply with the mandatory and standard conditions of supervision outlined in **18:3563(a)&(b)** . The defendant shall also comply with the following special conditions: 1.  The Defendant shall participate in 80 hours of community service as directed by the U S Probation office. 2. The defendant shall pay any unpaid restitution at a rate of not less than $500 per month beginning 30 days after the date of this judgment. Interest is waived. The Court reserves the right to increase payments based upon any increase in financial status.
3. The defendant shall submit financial documents and verification of income to the U.S. Probation Officer as requested. 4. The defendant shall not open additional lines of credit without the approval of the U.S. Probation Office.

The defendant shall not commit another federal, state or local crime.
The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse.  *(Check, if applicable.)*

☒ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.  *(Check, if applicable.)*

☒ The defendant shall cooperate in the collection of DNA as directed by the probation officer. *(Check, if applicable.)*

☐ The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. *(Check, if applicable.)*

☐ The defendant shall participate in an approved program for domestic violence. *(Check, if applicable.)*

If this judgment imposes a fine or restitution, it is a condition of probation that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.
The defendant must comply with the standard conditions that have been adopted by this court as well as any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer.
2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer.
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any
   Controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement  officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B (SCDC Rev. 09/11) Judgment in a Criminal Case
Sheet 3 - Criminal Monetary Penalties

Page 3

DEFENDANT: MICHAEL MARK McADAMS
CASE NUMBER:4:14cr426-BHH-1

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the total criminal monetary penalties under the schedule of payments on Sheet 5.

|  | Assessment | Fine | Restitution |
|---|---|---|---|
| TOTALS | $ 100.00 | $ | **$3,327,494.11** |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case(AO245C)* will be entered after such determination.

☑ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| SEE ATTACHED | **$3,327,494.11** | **$3,327,494.11** | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| **TOTALS** | **$3,327,494.11** | **$3,327,494.11** | |

☐ Restitution amount ordered pursuant to plea agreement    $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. §3612(f). All of the payment options on Sheet 5 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. §3612(g).

☑ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☑ The interest requirement is waived for the ☐ fine ☑ restitution.

☐ The interest requirement for the ☐ fine ☐ restitution is modified as follows:

**Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B     (SCDC Rev. 9/11) Judgment in a Criminal Case

Sheet 4 - Schedule of Payments                                                    Page 4

DEFENDANT: MICHAEL MARK McADAMS

CASE NUMBER: 4:14cr426 BHH-1

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A  ■  Lump sum payment of $ 100.00 (special assessment) and **$3,327,494.11** (restitution) due immediately, balance due

☐ not later than _____ , or

■ in accordance with  ■ C,  ☐ D, or  ☐ E, or ☐ F below: or

B  ☐  Payment to begin immediately (may be combined with  ☐ C,  ☐ D, or  ☐ F below); or

C  ■  Payment in equal monthly installments of <u>not less than $ 500.00 monthly</u> to commence  *(30 days)*  after the date of this judgment; or

D  ☐  Payment in equal monthly installments of not less than  to commence  *30 days* after release from imprisonment; or

E  ☐  Payment during the term of supervised release will commence within (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F  ☐  Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

■  Joint and Several

Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

| Defendant | Case Number | Total Amount | Joint & Several Amount |
|---|---|---|---|
| Michael Mark McAdams | 4:14cr00426-BHH -1 | $3,327,494.11 | $3,327,494.11 |
| Co-Defendant | | | |
| Robert Dane Freeman | 4:14cr00426-BHH-2 | $3,327,494.11 | $3,327,494.11 |
| **Co Defendant: | 4:14cr00426BHH(3) | $ 4,327,494.41 | $3,327,494.11 |
| Charles Lowell Walker | | | |

**(see attached for List of payees)**

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

■ The defendant shall forfeit the defendant's interest in the following property to the United States:

As directed in the Preliminary Order of Forfeiture, filed 4/22/15 and the said order is incorporated herein as part of this judgment.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

Page 5

DEFENDANT NAME:     Michael Mark McAdams
CASE NUMBER:        4:14CR00426-001

## RESTITUTION PAYEES

| No. | Name of Payee | *Total Amount of Loss | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|---|---|---|---|---|
| 1 | Invest with Trust Consultants | $124,000.00 | $124,000.00 | |
| 2 | Jennifer Malone | $5,000.00 | $5,000.00 | |
| 3 | Philip Garrett | $1,000.00 | $1,000.00 | |
| 4 | C-2 Management, Inc. | $10,000.00 | $10,000.00 | |
| 5 | Robin Salmon | $8,000.00 | $8,000.00 | |
| 6 | Wendi Wilson | $10,000.00 | $10,000.00 | |
| 7 | Rodney Yarbrough | $12,000.00 | $12,000.00 | |
| 8 | Ed Davis | $20,000.00 | $20,000.00 | |
| 9 | A2Z Unlimited, Inc. | $20,000.00 | $20,000.00 | |
| 10 | Bruce J. Koenigsfeld | $20,000.00 | $20,000.00 | |
| 11 | CCW Management, LLC | $20,000.00 | $20,000.00 | |
| 12 | David Brick | $2,000.00 | $2,000.00 | |

*Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994 but before April 23, 1996.

| 13 | David C. Pizzuto | $20,000.00 | $20,000.00 | |
| 14 | Don Duede | $2,000.00 | $2,000.00 | |
| 15 | EGS Enterprises | $20,000.00 | $20,000.00 | |
| 16 | Jason Meyer | $20,000.00 | $20,000.00 | |
| 17 | Joyce Lang | $20,000.00 | $20,000.00 | |
| 18 | Lloyd Ott | $20,000.00 | $20,000.00 | |
| 19 | Matthew P. Houle | $20,000.00 | $20,000.00 | |
| 20 | Maurice L. Mills | $20,000.00 | $20,000.00 | |
| 21 | Nicole Ann Deveroe | $20,000.00 | $20,000.00 | |
| 22 | Randon R. Russel | $40,000.00 | $40,000.00 | |
| 23 | Resort Capital, LLC | $20,000.00 | $20,000.00 | |
| 24 | Roger Dale Grubb | $20,000.00 | $20,000.00 | |
| 25 | Sam A. Roham | $20,000.00 | $20,000.00 | |
| 26 | Silvercrest Funding, LLC | $20,000.00 | $20,000.00 | |
| 27 | Thomas J. Ruhl | $5,230.27 | $5,230.27 | |

*Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994 but before April 23, 1996.

| 28 | Tree of Life International | $20,000.00 | $20,000.00 | |
| 29 | Sell-Well Holdings, LLC | $20,000.00 | $20,000.00 | |
| 30 | George W. Harding, III | $25,000.00 | $25,000.00 | |
| 31 | John Williamson | $30,000.00 | $30,000.00 | |
| 32 | James Fortune | $50,000.00 | $50,000.00 | |
| 33 | Richard S. West | $17,313.84 | $17,313.84 | |
| 34 | Stephen C. Larkin | $50,000.00 | $50,000.00 | |
| 35 | Commonwealth Bank of Australia | $59,950.00 | $59,950.00 | |
| 36 | Gold Securities, LLC | $110,000.00 | $110,000.00 | |
| 37 | ST Ventures, LLC | $76,000.00 | $76,000.00 | |
| 38 | CF Properties | $405,000.00 | $405,000.00 | |
| 39 | Ralph Jones | $1,425,000.00 | $1,425,000.00 | |
| 40 | Riverdream Entertainment | $500,000.00 | $500,000.00 | |
| | **Total** | **$3,327,494.11** | **$3, 327,494.11** | |

*Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994 but before April 23, 1996.

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CRIMINAL NO.: 4:14-CR-426-BHH-1 |
| | ) | |
| v. | ) | |
| | ) | |
| MICHAEL MARK MCADAMS | ) | |
| | ) | |

PRELIMINARY ORDER OF FORFEITURE AS TO
MICHAEL MARK MCADAMS

This matter is before the court on the motion of the United States for a Preliminary

Order of Forfeiture as to Defendant Michael Mark McAdams ("McAdams", "Defendant"),

based upon the following:

1.    On June 17, 2014, an Indictment was filed charging McAdams with the

following:

Counts 1-3:  Wire fraud, in violation of 18 U.S.C. § 1343;

Count 4:    Conspiracy to commit wire fraud, in violation of 18 U.S.C. §
1349;

Count 5:     Money laundering, in violation of 18 U.S.C. § 1956.

2.    Pursuant to Fed. R. Crim. P. 32.2(a), the Indictment contained a forfeiture

allegation providing that upon McAdams' conviction, certain properties enumerated

therein, or equivalent substitute assets, would be subject to forfeiture to the United

States.  As specified therein, such assets include, but are not limited to the following:

Order, p. 1 of 4

Cash Proceeds/Money Judgment[1]:

> A sum of money equal to all proceeds the Defendants obtained directly or indirectly as the result of the offenses charged in this Indictment or traceable to such property, that is, a minimum of $3,500,000.00 in United States currency for which the Defendants are jointly and severally liable.

3.    On March 4, 2015, McAdams pled guilty to Count 4 of the Indictment, which charges conspiracy to commit wire fraud, in violation of 18 U.S.C. § 1349.

4.    Based upon Defendant's conviction, the court has determined that the property described above is subject to forfeiture, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

5.    The court has determined that the government has established the requisite nexus between the money judgment and the offense for which McAdams has been convicted; therefore, the United States is entitled to a preliminary order of forfeiture, subject to the provisions of 21 U.S.C. § 853 governing third party rights.

Accordingly, it is hereby **ORDERED,**

1.    The below-described property, and all right, title, and interest of the Defendant, Michael Mark McAdams, in and to such property, is hereby forfeited to the United States of America, for disposition in accordance with law, subject to the rights of third parties in such property under 21 U.S.C. § 853(n).

2.    FORFEITURE IS ORDERED against McAdams and in favor of the United States in the amount of $199,999.99, along with appropriate costs and interest thereon at the rate provided for in 28 U.S.C. § 1961.  The United States may at any time move

---

[1] The Indictment lists a money judgment for a *minimum* of approximately $3,500,000.00. However, the government is only seeking a money judgment in the amount of $199,999.99 against this defendant.

pursuant to Rule 32.2(e) to amend this Order to substitute property to satisfy the money judgment.

3.      The United States may sell or otherwise dispose of any substitute assets in accordance with law as required to satisfy the above imposed money judgment.

4.      Upon the entry of this Order, the United States Attorney is authorized to conduct proper discovery in identifying, locating, or disposing of the described property, or other substitute assets, in accordance with Fed. R. Crim. P. 32.2(b)(3); and to commence proceedings that comply with statutes governing third party rights, if applicable.

5.      The government is not required to publish notice regarding the personal money judgment against Defendant; however, the Order shall be recorded in the records of the County Clerk's Office in the County of the debtor's residence, place of business, and any and all other counties in which the debtor has either real or personal property, as a lien thereon.

6.      Upon entry of the criminal judgment, this Order becomes final as to Defendant, and shall be made a part of the sentence and included in the criminal judgment.

7.      The court shall retain jurisdiction to enforce this Order and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

8.      The Clerk, United States District Court, shall provide one (1) certified copy of this Order to the United States Attorney's Office.

AND IT IS SO ORDERED.


/s/ Bruce Howe Hendricks
BRUCE HOWE HENDRICKS
UNITED STATES DISTRICT JUDGE

This 22nd day of April, 2015

Florence, South Carolina